Varlan

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 3:13-CV-00251 |
| | ) |
| DOES 1-98, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO QUASH SUBPOENA
SERVED ON CUSTODIAN OF RECORDS, COMCAST CABLE**

Comes now DOE No. 43 and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE No. 43, files this Motion to Quash Subpoena served upon Custodian of Records, Comcast, because the subpoena requires disclosure of protected information and subjects DOE No. 43 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to like DOE No. 43 to alleged infringing activity.

2. Plaintiff filed suit in the United States District Court for the Eastern District of Tennessee, at Knoxville against 98 unnamed DOE defendants, who are identified in its Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained a motion picture in violation of Plaintiff's copyrights.

3. DOE No. 43 is a resident of Greeneville, Tennessee. Comcast is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 43. Plaintiff, TCYK, LLC, on information and belief, is a producer of motions

- 1 -

pictures, films and other entertainment material. Plaintiff served a subpoena on Custodian of Records, Comcast, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 43, so DOE No. 43 can be named as a defendant in Plaintiff's copyright infringement action.

4. DOE No. 43 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 43 has personal and proprietary interests. DOE No. 43 has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV. P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Court thus lacks personal jurisdiction over any of the DOEs at this point. The Court also lacks personal jurisdiction over DOE No. 43.

6. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast, to determine the internet subscriber names, addresses, and e-mail addresses associated with the PI addresses listed in it Complaint. Magistrate Judge H. Bruce Guyton of the United States District Court, entered the order permitting service of subpoenas on ISPs.

7. The Plaintiff's complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a similar case in which an adult entertainment content producer also sought expedited discovery to

learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers… The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central Dist. Illinois)(Judge Harold A. Baker). The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. The risk of false identification by ISP's based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. After the raid revealed no pornography on the family computers federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosures of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast to turn over the requested information, DOE No. 43 would suffer a reputational injury.

8. DOE No. 43 resides in a household with other people, including her adult son. DOE No. 43's home is also nearby other homes and a public road. The likelihood that an individual, other than DOE No. 43, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 43 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to DOE No. 43 from the public exposure

- 3 -

and association with the Plaintiff's allegations----even if later disproven----is too great and presents an undue burden to DOE No. 43 under FED. R. CIV. P. 45(c)(3)(A)(iv).

9. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 43 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evident to prove its case."

Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

10. Additionally, the subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy stand applicable to discovery under [FED. R. CIV. P. 26 (b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. Because the infringer could have been anybody with a laptop passing within range of the router, the

information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant, FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. _ was only one of the many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden of DOE No. 43 is severe. The lace of relevance on the one hand, measured against the sever burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 43 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast to compel the disclosure of the name, address, telephone number, and e-mail address of DOE No. 43.

11.     FOR THESE REASONS, DOE No. 43 requests that this Court quash the subpoena served on Comcast in this matter.

Submitted this the __25__ day of __October__, 2013.

Respectfully submitted,

_____
DOE No. 43
*Pro Se*

- 5 -

Case 3:13-cv-00251-TAV-HBG   Document 11   Filed 10/25/13   Page 5 of 6   PageID #: 137

## CERTIFICATE OF SERVICE

I hereby certify that notice of this filing will be sent by U.S. Mail, postage pre-paid, to Van R. Irion, Law Office of Van R. Irion, 9040 Executive Park Drive, Suite 200, Knoxville, TN 37923.

This the 25 day of October, 2013.

_/s/_
DOE No. 43