| | |
|---|---|
| TCYK, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-251 |
| | ) |
| DOES 1-98, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# PLAINTIFF'S OPPOSITION TO UNIDENTIFIED DOE 43'S MOTION TO QUASH

Pursuant to Federal Rule of Civil Procedure and this Court's Rules, Plaintiff submits this response in opposition to unidentified Defendant Doe 43's motion to quash Plaintiff's subpoena directed to a non-party internet service provider [Docs. 11].[1]

## I. Background

The instant action is a copyright infringement lawsuit. In its complaint the Plaintiff has alleged that the individual Doe Defendants infringed Plaintiff's copyrighted motion picture entitled "The Company You Keep." "The Company You Keep" is a 2012 political action thriller produced and directed by, and starring, Robert Redford.

This Court has already granted Plaintiff's motion to take limited discovery prior to a Rule 26(f) conference. *See* Consol. Or. Case 3:13-cv-251, Doc.6. Plaintiff's motion to take discovery was grounded upon the fact that a 26(f) conference was not possible unless and until the Plaintiffs could identify and serve the Defendants. Plaintiff's motion included evidence that each of the Doe Defendants in the instant litigation used an Internet file sharing protocol called

---

[1] Plaintiff notes that the filer of the instant motion to quash is not represented by any attorney and has not provided Plaintiff with any method to contact said filer. It is also unclear whether this Court has any ability to directly contact said filer.

1

BitTorrent to copy and reproduce the Motion Picture over the Internet. The Plaintiff's motion and complaint allege, and provide evidence that, the actions of each of the individual Defendants combined to result in the unauthorized, viral dissemination of Plaintiff's Motion Picture. *See* Complaint [Doc.1] at ¶¶4-18; *see also* Affid. Griffin at ¶¶21, 24, 25, 29-30. This Court's order granting limited early discovery concluded "The Court finds that there is little chance of prejudice to the alleged infringers." *See* Consol. Or. Case 3:13-cv-251, Doc.6 at 4.

II. Argument

    A. Fatal Procedural Flaw: The Instant Motions Fail to Meet the Requirements of Rule 11

The instant motion to quash faces a glaring procedural hurdle—it violates the stricture against anonymously filed motions. No identifying information was included with the filing. *See* Doc. 11.

Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The signator must also include his address, email address, and telephone number. *Id.* The rule directs that the "court must strike an unsigned paper" unless the omission is promptly cured. *Id.* The "central purpose of Rule 11 is to deter baseless filings in the district court and thus ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *3 (N.D.Ill.).

Other courts have recognized that while motions to quash may be intended to maintain a defendant's anonymity, Rule 11(a) requires defendant's to either hire an attorney or otherwise comply with Rule 11 by revealing his or her identity. *Hard Drive Productions*, 2012 WL 2196038, at *3; *citing K–Beech, Inc. v. Does 1–29,* 826 F.Supp.2d 903, 905 (W.D.N.C.2011). As

2

the Court in *Hard Drive* pointed out, if courts were to allow a defendant unrepresented by counsel to proceed anonymously, there would be no way to ensure that the movant has the interest he or she represents having in the litigation, thus casting doubt on whether there is any "case or controversy" with respect to that individual. *Id*. One purpose of the signature and other identifying information required by Rule 11(a) is to ensure that a stranger to the litigation does not impact its course. *Id*. A related purpose for Rule 11 is to create a layer of accountability necessary to protect all of the parties and the resources of the courts. *Id*. Without a signature from either the defendant or an attorney representing him or her, that protection disappears. *Id*.

In the instant case document 11 lacks any identification of the filer.

For all these reasons the instant motion must be stricken from the record.

### B. Standards for Motions to Quash

Rule 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pacific Century Int'l, Ltd. v. Does 1–37,* ––F.Supp.2d ––, 2012 WL 1072312, at *2 (N.D.Ill. March 30, 2012).

While the parties objecting to subpoenas carry the burden to prove that the subpoena should be quashed, it is clear from this Court's previous order that in the instant case the Plaintiffs have alleged facts well beyond the standards established in the above precedent.

### C. Unidentified Defendant is Not Burdened by the Subpoena and Therefore Lacks Standing to Argue that his Internet Service Provider is Unduly Burdened

"[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." *First*

3

*Time Videos v. Does 1–500,* 276 F.R.D. 241, 250 (N.D.Ill.2011). "The movant has not explained how he or she has standing to argue that the subpoenas place an undue burden on Comcast (especially where Comcast itself has not objected), and the subpoenas do not burden him or her, because they do not require any action from the movant." *Id.*

As in *First Time Videos*, the instant motion fails to assert any facts that would give the unidentified Defendant standing to object for his internet service provider. The internet service provider has not objected, because it is simply not overly burdened by providing names and contact information for the unidentified defendant.

Because the unidentified filer of the instant motion lacks standing to object to the subpoena on behalf of a third party, the instant motion must be **DENIED**.

### D. Information Subpoenaed is Neither Privileged Nor Protected Matter

In the context of a subpoena challenge, the defendant's First Amendment right to remain anonymous gives way to the plaintiff's right to access the judicial process to protect its copyright. *Hard Drive Productions*, 2012 WL 2196038, at *4; citing *Arista Records*, 604 F.3d at 124; *First Time Video,* 276 F.R.D. at 248; *Voltage Pictures, LLC v. Does 1–5,000,* 818 F.Supp.2d 28, 36 (D.D.C.2011). While individuals do have a First Amendment right to engage in anonymous speech on the internet, the First Amendment does not protect copyright infringement, and "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected." *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *4 (N.D.Ill.); citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 118 (2d Cir.2010).

To the extent that the unidentified defendant may "assert some more amorphous privacy interest in not having his identity revealed, courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an

4

account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Productions*, 2012 WL 2196038, at *4; quoting *First Time Videos,* 276 F.R.D. at 249; *see also Boy Racer, Inc. v. Does 1–34,* No. 11–23035, 2012 WL 1535703, at *4 (S.D.Fla. May 1, 2012).

As in *Arista, Voltage, Hard Drive*, and many other cases, the filer of the instant motion conveyed his "identity and other information to an ISP in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Productions*, 2012 WL 2196038, at *4; quoting *First Time Videos,* 276 F.R.D. at 249; *see also Boy Racer, Inc. v. Does 1–34,* No. 11–23035, 2012 WL 1535703, at *4 (S.D.Fla. May 1, 2012).

For all of these reasons, the unidentified defendant has not shown that his privacy interests would justify quashing the subpoenas under Rule 45. Therefore, the Defendant's motion to quash must be **DENIED**.

### E. The Filer's Unsupported Assertions of Innocence Cannot Serve to Quash

The unidentified defendant asserts facts, unsupported by declaration or any other evidence, that the subpoena should be quashed because he or she is innocent of the allegations. However, "[i]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *3 (N.D.Ill.); citing *First Time Videos v. Does 1–76,* 276 F.R.D. 254 (N.D.Ill.2011). The criteria set forth in Rule 45 for quashing a subpoena include the required "disclosure of privileged or other protected matter" or the avoidance of an "undue burden." *Id.*, *citing* Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). A defendant's denial of liability is simply "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *Hard Drive Productions*, 2012 WL 2196038, at *3, *quoting First*

5

*Time Videos*, 276 F.R.D. at 251. The Plaintiffs are simply not required to make out a prima facie case of copyright infringement before the subpoena may issue. *See Arista Records LLC v. Does 1–19,* 551 F.Supp.2d 1, 6 (D.D.C.2008). Instead, it is the defendant's burden here to establish that the subpoena falls within the Rule 45 criteria for quashing a motion. *See Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.,* 813 F.2d 1207, 1210 (Fed.Cir.1987). His or her denial of liability is not among those criteria. *See* Rule 45(c)(3)(A).

The Defendant's motion to quash must be **DENIED**.

### F.     This Court has Recently Address All Issues Raised in the Instant Motion

Last week this Court addressed all the issues raised in the instant motion. In its consolidated memorandum order the Court denied motions to quash in five similar cases, citing the precedent noted in this opposition. (*See Killer Joe Nevada, LLC v. Does*, Case No. 3:13-cv-218, Doc.10; attached as Ex.1)

### III.    Conclusion

For all these reasons set forth herein, the Defendant's motion to quash must be **DENIED**.

Respectfully submitted,

s/Van R. Irion
Law Office of Van R. Irion, PLLC
800 Gay St., Suite 200
Knoxville, TN 37923
(865) 809-1505
van@irionlaw.com

Dated: November 7, 2013

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2013, I electronically filed the foregoing document via the Court's ECF, electronic email system.    s/Van R. Irion

Law Office of Van R. Irion, PLLC
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
(865) 809-1505
van@irionlaw.com