UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TCYK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-251 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| DOES 1-98, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

For the reasons set forth herein, the undersigned **RECOMMENDS,** *sua sponte*, that Plaintiff's claims against Does 2 through 98 be **DISMISSED WITHOUT PREJUDICE** and that the pending motions to quash be **GRANTED**.

**I.     BACKGROUND**

Plaintiff filed the Complaint in this case on May 6, 2013, alleging that 98 unnamed defendants had infringed upon Plaintiff's copyright to a motion picture entitled "The Company You Keep," using an interactive "peer-to-peer" file transfer technology known as "BitTorrent." [Doc. 1 at ¶ 4].

The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, explained BitTorrent technology well:

> BitTorrent is a program that enables users to share files via the internet. Unlike other "peer-to-peer" (P2P) file sharing networks that transfer files between users or between a user and a central computer server, BitTorrent allows for decentralized file sharing

between individual users who exchange small segments of a file between one another until the entire file has been downloaded by each user. Each user that either uploads or downloads a file segment is known as a "peer." Peers that have the entire file are known as "seeds." Other peers, known as "leeches" can simultaneously download and upload the pieces of the shared file until they have downloaded the entire file to become seeds.

Groups of peers that download and upload the same file during a given period are known as a "swarm," with each peer being identified by a unique series of alphanumeric characters known as a "hashtag" that is attached to each piece of the file. The swarm's members are relatively anonymous, as each participant is identifiable only by her Internet Provider (IP) address. Overseeing and coordinating the entire process is a computer or a server known as a "tracker" that maintains a record of which peers in a swarm have which files at a given time. In order to increase the likelihood of a successful download, any portion of the file downloaded by a peer is available to subsequent peers in the swarm so long as the peer remains online.

But BitTorrent is not one large monolith. BitTorrent is a computer protocol, used by various software programs known as "clients" to engage in electronic file-sharing. Clients are software programs that connect peers to one another and distributes data among the peers. But a peer's involvement in a swarm does not end with a successful download. Instead, the BitTorrent client distributes data until the peer manually disconnects from the swarm. It is only then that a given peer no longer participates in a given BitTorrent swarm.

Safety Point Prod., LLC v. Does, 2013 WL 1367078, at *1 (N.D. Ohio Apr. 4, 2013) (citing Hard Drive Prod., Inc. v. Does 1–188, 809 F. Supp. 2d 1150, 1151 (N.D. Cal. 2011); Next Phase Distrib., Inc. v. John Does 1–27, 284 F.R.D. 165, 167 (S.D.N.Y. 2012); Patrick Collins, Inc. v. John Does 1–21, 284 F.R.D. 161, 164 (E.D. Mich. 2012)) (internal citations removed).

In support of its joinder of the defendants in this case, the Plaintiff alleged:

> 5. This case involves one [BitTorrent] "swarm" in which numerous Defendants engaged in mass copyright infringement of Plaintiff's Motion Picture. Each Defendant illegally uploaded and shared Plaintiffs [sic] Motion Picture within this swarm.

2

> 6. Upon information and belief, each Defendant was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiffs [sic] copyright.
>
> 7. By participating in the swarm, each Defendant participated in the same transaction, occurrence, or series of transactions or occurrences as at least the other defendants in the same swarm. In particular, Plaintiffs [sic] investigator has downloaded the Motion Picture from each Defendant identified herein. In addition, by participating in the swarm, each Defendant participated in a collective enterprise constituting "shared, overlapping facts."

[Id. at ¶¶ 5-7].

The Complaint in this suit identifies the defendants only through internet protocol addresses ("IP addresses"). In an effort to determine the true identities of the unnamed defendants, the Plaintiff filed a Motion for Early Discovery [Doc. 4]. The Motion for Early Discovery was granted on August 20, 2013, and the Plaintiff was granted leave to subpoena various internet service providers ("ISPs") to provide the names, addresses, and phone number of the persons or entities who use the IP addresses listed in Exhibit 2 to the Plaintiff's Complaint.

The Plaintiff served subpoenas on certain ISPs commanding production of the identifying information for the users of the IP addresses identified in Exhibit 2 to the Complaint. The Plaintiff has not filed any proof of service in the record demonstrating the date and manner of service. See Fed. R. Civ. P. 45(b)(4). It appears, however, that the ISPs were served, and thereafter, the ISPs advised their customers that they would be providing the user's identifying information to the Plaintiff for use in this suit. The instant motions followed.

On October 24, 2013, Doe #3 filed a Motion to Dismiss and/or Motion to Quash and/or Sever [Doc. 10]. Doe #3 asserted that this case was an attempt by Plaintiff to coerce thousands of questionably-sued Defendants into paying quick and pricey settlements. Doe #3 cited the Court to many cases across the country addressing such questionable tactics in Bit-Torrent

3

litigation. Doe #3 has also filed a demand letter from counsel for in this case, which offers immediate settlement for $5,000.00 and explains that such settlement can be taken in payments. [Doc. 10-5 at 2]. The letter states, "If you choose not to settle, your name will be added to the list of defendants subject to the above named federal lawsuit. You can avoid being named as a defendant in the lawsuit if you act immediately." [Id.].

On November 7, 2013, at 10:33 a.m., counsel for the Plaintiff and counsel for Doe #3 filed a Joint Motion to Withdraw the Motion to Quash and to Sever [Doc. 12], stating that "both Doe 3 and the Plaintiff agree that it is in the best interests of both Doe 3 and the Plaintiff to immediately withdraw Doe 3's motion." [Doc. 12]. At 10:48 on the same day, Plaintiff filed a Notice of Voluntary Dismissal of Doe 3 [Doc. 13].

### III. ANALYSIS

The Court will address each of the issues before the Court in turn.

#### A. Voluntary Dismissal of Doe #3

The voluntary dismissal of Doe #3 renders Doe #3's Motion to Dismiss and/or Motion to Quash and/or Sever [Doc. 10] moot, and accordingly, the undersigned will **RECOMMEND** that it be **DENIED AS MOOT**. The Court finds, however, that – given procedural posture of this case and the Court's rulings on such issues in related cases[1] – it is appropriate for the Court to address the joinder issues initially raised in Doe #3's motion *sua sponte*, pursuant to Rule 20 of the Federal Rules of Civil Procedure.

---

[1] See Breaking Glass Pictures v. Does 1-283, No. 3:13-CV-75, Docs. 41, 43; Killer Joe Nevada LLC v. Does 1-57, No. 3:13-CV-222, Doc. 24; see also, e.g., TCYK LLC v. Does 1-86, No. 3:13-CV-261, Docs. 5, 6; TCYK LLC v. Does 1-13, No. 3:13-CV-253, Docs. 5, 6; TCYK LLC v. Does 1-16, No. 3:13-CV-255, Docs. 5, 6.

4

**B.      Joinder of the Parties**

Rule 20 of the Federal Rules of Civil Procedure directs that defendants may be joined in a single action, if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The Court is familiar with the case law addressing copyright infringements through peer-to-peer networks and joinder of alleged infringers, and the undersigned has issued numerous Reports and Recommendations recommending that motions to sever in such cases be granted. These Reports and Recommendation have been accepted by the District Judges to whom they were submitted. See e.g., Breaking Glass Pictures v. Does 1-283, No. 3:13-CV-75, Docs. 41, 43 (Phillips, J.); see also, Dragon Quest Prod. LLC v. Does 1-100, No. 3:12-CV-597, Docs. 18, 19 (Varlan, C.J.).

As in its previous Reports and Recommendation, the Court finds Safety Point Products, LLC v. Does 1-14, 2013 WL 1367078 (N.D. Ohio Apr. 4, 2013), to be persuasive authority and the Court adopts the analysis of Safety Point in the instant case. As noted above, in Safety Point, Judge Gwin faced allegations and a procedural posture similar to the allegations and procedural posture of the instant case. The court in Safety Point acknowledged that courts are split on the issue of joinder in BitTorrent copyright litigation, with some finding that joinder is appropriate and others finding that it is not. Id. at *3. For the reasons stated herein, the Court adopts the latter approach and finds that joinder is not appropriate.

First, the Court finds that the Plaintiff has not alleged facts sufficient to support joinder of the 95 putative defendants[2] in this case under Rule 20 of the Federal Rules of Civil Procedure. The Plaintiff alleges that this case "involves one 'swarm' in which numerous Defendants engaged in mass copyright infringement." [Doc. 1 at ¶ 5]. This allegation is composed of labels and mere conclusions. It does not support a finding that the relief sought against the putative defendants arises out of "the same transaction, occurrence, or series of transactions or occurrences." See Fed. R. Civ. P. 20(a).

The general allegation is especially lacking in light of the fact that Exhibit 2 to the Complaint demonstrates a series of discrete transactions that cannot be classified as a single transaction, occurrence, or series of occurrences. [Doc. 1-2]. The alleged downloads did not all take place within a few minutes. To the contrary, the "HitDate[s]" contained in Exhibit 2 indicate that the vast majority of the transactions at issue took place hours, days, and weeks apart. The alleged infringements occurred over a span of over two weeks between April 14, 2013, and April 30, 2013, they cannot be classified as a single transaction, occurrence, or series of occurrences

The Court finds that the evidence before the Court contradicts Plaintiff's superficial allegation that the alleged infringements were a single transaction, occurrence, or series of occurrences. The Court finds that the evidence, instead, supports a finding that the alleged infringements did not arise out of "the same transaction, occurrence, or series of transactions or occurrences." See Raw Films, Inc. v. Does 1-32, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) ("The facts here demonstrate why the swarm joinder pleading tactic is not appropriate in this action. The differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert."); see also SBO Pictures, Inc. v. Does 1-

---

[2] Plaintiff has voluntarily dismissed 3 of the 98 original defendants. [See Docs. 7, 8, 13].

3036, 2011 WL 6002620, at*3. Thus, the Court finds that the allegations before the Court do not fulfill the criteria of Fed. R. Civ. P. 20(a)(2)(A).

In addition, the Court finds that even if the Plaintiff could satisfy the criteria for allowing permissive joinder under Rule 20(a), it would be appropriate to sever the Defendants based upon a variety of other factors.

First, severing these claims is appropriate because joinder would deprive the Court and the unnamed defendants of a just result. The case management and trial of this case in its present form would be "inefficient, chaotic, and expensive." Pacific Century Int'l, Ltd. v. Does 1–101, 2011 WL 5117424, at *3 (N.D. Cal. Oct.27, 2011). At trial, each putative defendant is likely to have different defenses to infringements alleged in the suit. Independent or differing defenses do not always support severing defendants. The Court finds, however, that in this case the need for mini-trials within trials to ferret out each individual defendant's defense would extend trial proceedings in a manner that is inconsistent with Rule 1 of the Federal Rules of Civil Procedure. Moreover, the need for mini-trials will likely confuse the finder of fact.

Second, the Court finds that the Plaintiff has joined claims more properly brought in the Northeastern Division of the Eastern District of Tennessee at Greeneville, the Southern Division of the Eastern District of Tennessee at Chattanooga, and the Winchester Division of the Eastern District of Tennessee at Winchester, and has improperly filed these claims in the Northern Division of the Eastern District of Tennessee at Knoxville. By the Court's count, only 43 of the 98 infringements originally alleged in the Complaint occurred in the counties[3] encompassed within the Northern Division, which holds court at Knoxville. If the claims remained joined and

---

[3] Anderson, Blount, Campbell, Claiborne, Grainger, Jefferson, Knox, Loudon, Monroe, Morgan, Roane, Scott, Sevier, and Union.

all proceed in the Knoxville Division, litigants in places like Winchester, Tennessee[4] would be required to forego two federal courts located closer to their home to come litigate their claims in Knoxville, which is approximately three hours away from Winchester. Where possible, the Court should avoid imposing such a burden on litigants, many of whom have elected to proceed *pro se*.

Further, the Plaintiff's joinder of claims that are not appropriately filed in the Northern Division of the Eastern District of Tennessee at Knoxville undermines the Court's allocation of personnel and resources. Absent this case being deemed a class-action case or multi-district litigation – which has not been requested and does not appear supported by the allegations – the Court does not have a mechanism for reallocating the personnel hours that will be required by the dozens of claims improperly filed in this division.

Finally, the Court would note that the joinder of these claims has saved the Plaintiff over $38,000.00.[5] Plaintiff has avoided paying at least 94 filing fees by joining its claims against all of the putative defendants in a single suit. This savings inures to the Plaintiff's benefit at the same time that the joinder imposes the additional costs and expenses on the putative defendants and the Court.

Based upon the foregoing, the Court finds that joinder in this case is improper and does not comply with Rule 20 of the Federal Rules of Civil Procedure. In addition, the Court finds the joinder is likely to impose an undue burden on the litigants and on judicial resources. Therefore, the Court finds that the claims in this case should be severed from one another, and the Court finds that severing these claims would be consistent with the Court's previous rulings on this issue.

---

[4] See Doc. 1-2, No. 71.
[5] Either $400.00 fee multiplied by 98 claims against Does yielding $39,200.00, or $400.00 fee multiplied by 95 claims against Does yielding $38,000.00. See http://www.tned.uscourts.gov/fees.php.

## C. Dismissal Without Prejudice

Rule 21 of the Federal Rules of Civil Procedure states that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rule 21 instead allows the Court to *sua sponte* "drop a party." Id. Rule 21 has been interpreted as allowing the Court to dismiss a misjoined party without prejudice. See Deleon v. Hamilton County Sheriff's Dept., 2012 WL 3116280, at *3 (E.D. Tenn. 2012) (citing Moore's Federal Practice § 21.03 (Matthew Bender 3d ed.) ("Dismissal of a misjoined party under Rule 21 is without prejudice; a claim by or against such a party may be refiled as a separate suit")); see also Letherer v. Alger Group, L.L.C., 328 F.3d 262, 266–68 (6th Cir. 2003) (affirming dropping of misjoined party and dismissing claims against that party), recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC, 511 F.3d 633, 636 (6th Cir. 2008).

In this case, the Court finds that Does 2 through 98 are misjoined parties. The Court finds that the appropriate and most efficient manner in which to remedy the misjoinder is to dismiss the claims against each of these persons and entities without prejudice. If Plaintiff elects to pursue its claims against these parties, Plaintiff may file individual suits against each of these putative defendants.

## D. Subpoenas to the ISPs

Because the undersigned is recommending that the claims against Does 2 to 98 be dismissed, it is further recommended that the other pending Motions to Quash Subpoena **[Docs. 9, 11]** be **GRANTED**. If this Report and Recommendation is granted, the subpoenaed information will no longer be relevant to this case, because the putative defendants will have been dismissed from this case.[6]

---

[6] It appears that Doc. 9 was filed by Doe #74, who has been dismissed from this matter. Thus, and in the alternative, the Court finds this motion is moot.

## E. Rule 26 of the Federal Rules of Civil Procedure

Finally, the undersigned will recommend that the Plaintiff be given thirty days from the date of the Memorandum and Order adopting or otherwise ruling on this Report and Recommendation to serve Doe 1, the remaining putative defendant in this case. The Plaintiff should be further ordered to schedule a discovery conference pursuant to Rule 26(f) within thirty days of serving Doe 1, so that the parties can develop a discovery plan and this case can be set for trial without delay.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[7] that:

1. The Motion to Dismiss and/or Motion to Quash and/or Sever **[Doc. 10]** be **DENIED AS MOOT;**

2. All remaining claims, other than the claim of Plaintiff against Doe 1, be **DISMISSED WITHOUT PREJUDICE**, to allow refiling of claims in individual cases;

3. The Court **ORDER** that any refiled cases against Does 2-98 be filed in the appropriate division of the Eastern District of Tennessee;

4. The other pending Motions to Quash Subpoena **[Docs. 9, 11]** be **GRANTED**;

5. The Plaintiff be **ORDERED** to serve Doe 1 within **thirty (30) days** of the Memorandum and Order ruling upon this Report and Recommendation; and

6. The Plaintiff and Doe 1 be **ORDERED** to conduct a Rule 26(f) conference within **thirty (30) days** of Doe 1 being served.

                              Respectfully Submitted,

                              /s H. Bruce Guyton
                            United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).